# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Entrust Datacard Corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Atlantic Zeiser GmbH, and Atlantic Zeiser, Inc.<br><br>　　　　　　　　　　Defendants. | **COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**[INJUNCTIVE RELIEF SOUGHT]**<br><br>Civil Action No. _____ |

For its Complaint against Defendants Atlantic Zeiser GmbH, a foreign corporation with its headquarters in Emmingen, Germany ("AZGmbH"), and Atlantic Zeiser, Inc., a New Jersey corporation with its registered address and principal place of business at 15 Patton Drive, West Caldwell New Jersey 07006 ("AZI"), Plaintiff Entrust Datacard Corporation, a Delaware corporation with its principal place of business at 1187 Park Place, Shakopee, MN 55379 ("EDC") states and alleges the following:

## JURISDICTION

1.　　This Complaint is for patent infringement and injunctive relief against Defendants Atlantic Zeiser GmbH, a foreign corporation with its headquarters in Emmingen, Germany ("AZGmbH"), and Atlantic Zeiser, Inc., a New Jersey corporation with its registered address and principal place of business at 15 Patton Drive, West Caldwell New Jersey 07006 ("AZI"). Either or both of AZGmbH and AZI sometimes do business in the United States under the name "Atlantic Zeiser USA."

2.　　Subject matter jurisdiction is based on 28 U.S.C. §1338.

1

3. Personal jurisdiction is based upon Federal Rule of Civil Procedure 4(e) and Minnesota Statutes §543.19 and §5.25, subd. 4.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400.

5. Joinder of the named Defendants is appropriate under 35 U.S.C. § 299 in that the allegations herein, and Defendants' acts of infringement, arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and questions of fact common to all defendants will arise in the action.

6. The products at issue in this lawsuit are the family of products known as the PERSOMASTER Card Personalization System ("PERSOMASTER") which is the product name for a modular system made, used, offered for sale, and sold or licensed by Defendants AZGmbH and AZI. One of the modules of the system is a cassette mechanism for programming the chips of Integrated Circuit Cards ("ICC"). Defendants may also make, use, sell or offer for sale other products not yet discovered or examined by or on behalf of Plaintiff EDC. A copy of a product brochure published and disseminated by Defendants is attached as Exhibit A hereto.

7. A video presentation of the PERSOMASTER in operation, published and disseminated by Defendants, was examined and analyzed on behalf of Plaintiff EDC and the apparatus shown, was found to be infringing at least one claim of US Patent 6,695,205 ("'205 Patent") owned by Plaintiff EDC as alleged herein.

7331339v3

8. For a customer to use the programming functionality of the PERSOMASTER products made, offered for sale, distributed and sold by Defendants and specifically the system equipped with a cassette mechanism for programming ICC chips, and thereby receive the benefit of the products, the customer either allows the Defendants' equipment to operate, executing some or all of the steps of method claims of the '205 Patent, or the customer follows the directions, instructions or suggestions of Defendants for the use of the equipment to execute programming of ICC chips, thereby executing some or all of the steps of claims of the '205 Patent. Defendant has the right and ability to stop or limit the foregoing acts of its customers and profits from them.

9. Defendants induce infringement of the '205 Patent.

10. Defendants offer to sell or sell within the United States or import into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

## COUNT I

## INFRINGEMENT OF U.S. PATENT 6,695,205

11. Plaintiff incorporates herein by reference paragraphs 1-10 hereof.

12. On February 24, 2004, United States Letters Patent No. 6,695,205 was duly and legally issued to Robert W. Lundstrom and Peter E. Johnson for Integrated Circuit Card Modules, Systems and Methods. The '205 patent was assigned to Plaintiff EDC

3

(formerly DataCard Corporation) as reflected on the face of the patent and in the records of the United States Patent and Trademark Office ("USPTO"), and Plaintiff EDC has owned the '205 Patent throughout the period of the Defendants' infringing acts and still owns the patent by assignment. A copy of the '205 Patent is attached as Exhibit B.

13. Defendants AZGmbH and AZK have infringed and are still infringing the '205 Patent by making, offering for sale, selling, and using methods and apparatuses that embody the patented invention, and Defendants will continue to do so unless enjoined by this court.

14. Plaintiff EDC has complied with the statutory requirement of placing a notice of the '205 Patent on the products it manufactures and sells. Plaintiff EDC has notified Defendants of its patent, and Defendants have and continue to infringe the '205 Patent.

15. The products that infringe the '205 Patent are the family of products known as the PERSOMASTER Card Personalization System ("PERSOMASTER") which is the product name for a modular system made, used, offered for sale, and sold or licensed by Defendants AZGmbH and AZI, and which at the time of delivery to a customer, or if the customer wishes at a later time, may incorporate a cassette mechanism for programming ICC chips. Defendants may also make, use, sell or offer for sale other products not yet discovered or examined by or on behalf of Plaintiff EDC.

16. Plaintiff alleges that the products of Defendants AZGmbH and AZI directly infringe the '205 Patent. Alternatively, Plaintiff alleges that Defendants condition participation in the use of their products and the receipt of the benefits upon

7331339v3

allowing Defendants' products to operate, executing some or all of the steps of method claims of the '205 Patent, or the customer follows the directions, instructions or suggestions of Defendants for the use of the equipment to execute programming of ICC chips. Defendant has the right and ability to stop or limit the foregoing acts of its customers and profits from them. Defendant establishes the manner or timing of that performance.

17. Defendants are jointly and severally liable for direct infringement of the '205 Patent, or alternatively, jointly and severally vicariously liable for infringement by virtue of operations they cause or direct or suggest to be conducted on a customer's data processing system to their profit, which they have the ability to stop or prevent.

18. Defendants offer to sell or sell within the United States or import into the United States components of a patented machine, manufacture, or combination, or a material apparatus for use in practicing a patent process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, and are therefore jointly and severally liable for contributory infringement under 35 U.S.C. §271(c) and other applicable law.

19. Defendants sell their products with instructions and advertising about infringing uses, intending that third parties will act on such instructions and advertising and engage in such infringing uses. Defendants are therefore jointly and severally liable for inducement to infringe under 35 U.S.C. §271(b) and other applicable law.

20. Defendants infringe the '205 Patent under the Doctrine of Equivalents.

7331339v3

21. On information and belief, Defendants have known of the '205 Patent since its date of issue and have knowingly and willfully infringed the '205 Patent in willful disregard of the patent rights held by Plaintiff EDC.

22. The acts and infringements by Defendants as alleged herein have caused and will continue to cause Plaintiff EDC harm and damages, including but not limited to lost sales, price erosion, and lost profits.

23. Defendants' acts have and will continue to cause Plaintiff irreparable harm which, unless enjoined, will continue.

## **TRIAL BY JURY**

24. Trial by jury is respectfully demanded of all claims so triable.

Therefore, Plaintiff EDC requests:

(a) Judgment that Defendants have infringed EDC's '205 Patent, either directly or vicariously, and either literally or under the Doctrine of Equivalents;

(b) judgment that Defendants have engaged in contributory infringement in violation of 35 U.S.C. §271(c). and other applicable law;

(c) judgment that Defendants have engaged in inducement to infringe in violation of 35 U.S.C. §271(b) and other applicable law;

(d) a preliminary and final injunction against Defendants' continuing infringement;

(e) an accounting for damages for which Defendants should be held jointly and severally liable, including but not limited to EDC's lost sales and profits, or in the alternative, a reasonable royalty, and a trebling of damages because of the knowing, willful, and wanton nature of Defendants' conduct;

(f) interest and costs;

(g) an award of Plaintiff EDC's attorneys' fees and costs in this action; and

(h) such other and further relief as the Court deems just and equitable.

Dated: November 30, 2015

By: s/John B. Lunseth
John B. Lunseth (Minn. #65341)
BRIGGS AND MORGAN, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2157
Telephone: (612) 977-8400
Facsimile: (612) 977-8659
jlunseth@briggs.com


**ATTORNEYS FOR PLAINTIFF
ENTRUST DATACARD
CORPORATION**